IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES RUSSELL | § | |
| | § | |
| VS. | § | CIVIL NO. A-11-CA-915 LY |
| | § | |
| VOLT CORPORATION | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant's Motion to Dismiss (Clerk's Doc. No. 22) filed July 20, 2012. Plaintiff has failed to file a Response. All matters in this case were referred to the undersigned.

## I. BACKGROUND

On December 12, 2011, the District Court granted Defendant's Motion to Stay and Compel Arbitration and ordered the parties to arbitrate Plaintiff's claims, and to file advisories with the Court by April 6, 2012. On April 5, 2012, the Defendant informed the Court that Plaintiff was unwilling to work with Defendant's counsel to select an arbitrator, and had taken no action to initiate an arbitration claim with the American Arbitration Association as was required by the arbitration agreement. Plaintiff filed a Response asking that his case move forward in the District Court. Judge Yeakel had already resolved that issue in his earlier order by requiring that the parties arbitrate this dispute. He referred this case to the Magistrate for all further proceedings.

The Magistrate ordered the parties to appear for a hearing show cause hearing on June 14, 2012, at 10:00 a.m., and ordered the Plaintiff to "be prepared to SHOW CAUSE why this case should not be dismissed for lack of prosecution or for failure to comply with Judge Yeakel's order requiring the parties to arbitrate these claims." Plaintiff failed to appear. Because Plaintiff failed

to appear, in an abundance of caution, the undersigned set a second show cause hearing for June 27, 2012.

Plaintiff as well as defense counsel appeared at the second show cause hearing. At this hearing, the undersigned explained to Plaintiff that Judge Yeakel had ordered the parties to arbitrate the case and informed Plaintiff that he had various options including arbitration and dismissal for failure to prosecute. Plaintiff stated on the record that his choice was to arbitrate as Judge Yeakel ordered. The Court explained the arbitration process in detail and offered to help pick a neutral arbitrator should the parties have any difficulty agreeing on one.

In light of all this, the Court entered an Order on June 27, 2012, ordering the parties to notify the Court on or before July 13, 2012, of the name of an agreed-upon arbitrator or to file a request for the Court to assist in the selection of an arbitrator from a list of three names on or before July 13, 2012. The Court further warned:

> If Plaintiff fails to comply with this Order, or if Plaintiff otherwise fails to participate in the arbitration process, the Court will have no choice but to recommend that Judge Yeakel dismiss his case for failure to comply with Judge Yeakel's order requiring the parties to arbitrate these claims and for failure to prosecute his case.

On July 10, 2012, instead of notifying the Court of a chosen arbitrator, Plaintiff entered a Notice of Appeal and filed a Motion to Proceed In Forma Pauperis on Appeal. On November 16, 2012, the Fifth Circuit Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction. On November 20, 2012, the undersigned entered an Order stating:

> There is therefore no longer any basis on which the Plaintiff may continue to refuse to arbitrate his dispute with Volt Corporation. Accordingly, if by **November 30, 2012**, the Court has not received any information indicating that the Plaintiff has consented to an arbitration proceeding, and has taken affirmative steps in cooperation with the Defendant to commence an arbitration proceeding, the Court will recommend that Judge Yeakel dismiss this case for failure to comply with Judge Yeakel's Order requiring the parties to arbitrate these claims and for failure to

prosecute his case.  **In short, this is the Plaintiff's last chance to comply with the order to arbitrate this dispute.**

Doc. No. 24.  In light of this history, the Court recommends that this case be dismissed.

## II.  ANALYSIS

Defendant moves to dismiss based upon Plaintiff's continued delay and failure to comply with the arbitration process as ordered by the Court.  The Court agrees with Defendant that dismissal is appropriate.  Plaintiff was informed that he is required to arbitrate his claims.  He informed the Court that he wished to participate in the arbitration proceeding.  Subsequently, he defied the Court's Order giving him a deadline to identify an arbitrator or request the Court's assistance in doing so.  Plaintiff's Notice of Appeal did not stay the proceedings in the District Court.  *See Weingarten Rlty. Investors v. Miller*, 661 F.3d 904 (5th Cir. 2011).  Plaintiff has failed to comply with various court orders—most notably the District Court's Order compelling arbitration filed December 12, 2011, but also including the undersigned's June 27 and November 20, 2012 orders.  Plaintiff has failed to prosecute his case.  *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.1998) ("A district court . . . may dismiss an action for failure to prosecute or to comply with any court order.").  Accordingly, the Magistrate Judge recommends that the District Court dismiss this cause of action without prejudice.

## III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss (Clerk's Doc. No. 22) and **DISMISS** Plaintiff's claims against Volt Corporation **WITHOUT PREJUDICE** for want of prosecution and for failure to obey a Court Order.  The Magistrate **FURTHER RECOMMENDS** that this matter be **CLOSED** on the Court's docket.

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of December, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE